**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Jonathan Andrew Perfetto</u>

    v.                                                                  Civil No. 06-cv-307-SM

<u>Bruce W. Cattell, Warden,</u>
<u>New Hampshire State Prison, et al.</u>

**O R D E R**

Before the Court is Jonathan Andrew Perfetto's complaint (document nos. 1, 15 & 24)[1], filed pursuant to 42 U.S.C. § 1983. Perfetto alleges that the defendant employees of the New Hampshire Department of Corrections have violated a number of Perfetto's constitutional rights during his incarceration at the New Hampshire State Prison. The complaint is before me for preliminary review to determine whether, among other things, it states any claim upon which relief might be granted. <u>See</u> 28 U.S.C. § 1915A; United States District Court for the District of

---

[1] Perfetto filed his initial complaint in this matter (document no. 1) on August 18, 2006. Perfetto then successfully moved to consolidate this matter with another pending case in this Court, <u>Perfetto v. Cattell</u>, Civ. No. 06-cv-372-PB. The complaint in that case was then docketed in this case (document no. 15) on November 16, 2006. On January 3, 2007, Perfetto filed an addendum to the November 16 complaint (document no. 24). All three of these documents, in the aggregate, will be considered to be the complaint in this matter for all purposes.

New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons explained fully in the Report and Recommendation issued simultaneously with this Order, I direct that the claims alleging deprivation of sanitary conditions proceed against defendants Valente, Ash, Fidelli, and Charter, the claim alleging denial of water proceed against a John Doe defendant, the claims alleging failure to protect Perfetto's safety proceed against defendants Moyer, Bell, Washburn, Flynn, Moquin, Gauthier, and Parent, the excessive force claims proceed against defendants Charter, Wheeler, Fidelli, and Enmark, the denial of adequate medical care claims proceed against defendants Charter, Moyer, Ismam, and Flynn, and a John Doe defendant, the retaliation claim proceed against defendants Bilodeau, McGrath, O'Brien, Michaud, Brown, and Marsh, the denial of access to the courts claim proceed against defendants O'Brien and Brown, and the right to petition the government to redress grievances through the administrative grievance procedure proceed against defendants Charter, Edsil, and Isabelle.[2]

---

[2]In the Report and Recommendation issued simultaneously with this Order I recommend that all of the official capacity claims, the claims alleging denial of clothing, denial of food, denial of appropriate housing, denial of lower security classification, verbal harassment, denial of adequate mental health care, denial of rehabilitative programming, denial of religious practice,

As I find that Perfetto has stated claims upon which relief may be granted, I order the complaint (document nos. 1, 15 & 24) be served on defendants Bilodeau, McGrath, O'Brien, Michaud, Brown, Marsh, Charter, Wheeler, Fidelli, Enmark, Valente, Ash, Washburn, Edsil, Ismam, Isabelle, Bell, Moyer, Flynn, Moquin, Gauthier, and Parent.  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this order, the Report and Recommendation issued simultaneously with this Order, and the complaint (document nos. 1, 15 & 24).  <u>See</u> LR 4.3(d)(2)(C).  Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the

---

denial of personal property, and named defendants Cattell, Wrenn, Coplan, Cunningham, Curry, Leitner, Perron, Mosher, Provencer, Mallette, Fellows, and Desmond be dismissed.

aforementioned materials, provide a separate list of the last known addresses of such defendants. The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service. <u>See</u> Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date:    February 23, 2007

cc:      Jonathan Andrew Perfetto, pro se