UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Jonathan Andrew Perfetto

    v.                                      Civil No. 06-cv-307-SM

Bruce W. Cattell, Warden,
New Hampshire State Prison, et al.

**REPORT AND RECOMMENDATION**

Plaintiff has written a letter to the Court offering a list of corrections to the Report and Recommendation I issued on February 23, 2007 (document no. 31). I will treat this letter as a motion to clarify and amend the complaint in this matter, as well as a motion to correct certain items in the Report and Recommendation.

Plaintiff lists 17 numbered items in his motion (hereinafter referred to as Items #1-17) that he claims have been erroneously reported in the Report and Recommendation. Of these seventeen items, ten are actually simple clarifications of what was written in the complaint and in the Report and Recommendation, while the remainder of the items are more aptly characterized as substantive amendments to the complaint.

<u>Clarifications/Corrections</u>

<u>Items #2, 9, 10, 12 & 16 -- Misspelling of Defendant Isman's Name</u>:  Perfetto states that the defendant identified in my Report and Recommendation as FNU "Isma<u>m</u>" is, in fact, defendant FNU "Isma<u>n</u>" (emphasis added).  The misspelling is noted and if this Report and Recommendation is approved, my previously issued Report and Recommendation and Order will be considered corrected as indicated.

<u>Item #4 -- Clarification Regarding Housing in Dayroom</u>:  It is not clear from this proposed correction what Perfetto seeks to change about his complaint or about the Report and Recommendation.  To the extent that Perfetto complains that other inmates were denied the use of a dayroom during Perfetto's stay there, that fact is noted.  That denial, however, is not relevant to any of the claims raised in Perfetto's complaint.  To the extent Perfetto complains that he was denied a cell after Dr. Fellows saw him and placed him on a precautionary watch, that fact was addressed in my Report and Recommendation and no correction or clarification is necessary.  Accordingly, I recommend that the request to correct or clarify be denied.

Items #6, #7, #11 & 14 -- Corrected Dates:   Perfetto corrects four dates that were in his original complaint but incorrectly reported in the Report and Recommendation.[1]  All of these corrections are accepted and my previously issued Report and Recommendation and Order will be considered so corrected upon acceptance of this Report and Recommendation.

## Amendments

Item #1 -- Number of John Doe Defendants:   Perfetto alleges that he listed seven John Does in his complaint while the Report and Recommendation stated there were six.  In fact, Perfetto's initial complaint (document no. 15) lists "John Doe x6" as a defendant to this action.  If Perfetto seeks to add a John Doe defendant at this time, this addition is more properly characterized as an amendment to the complaint than as a simple

---

[1] On page 10 of my Report and Recommendation, it alleges incidents where the defendants are alleged to have failed to protect Perfetto on September 20, 2003 and November 15, 2006. Those dates should be September 20, 2006 and November 5, 2006 respectively.
    According to the original complaint, Perfetto alleges a problem in the dispensation of his medication from July 2004 through August 5, 2004.  The Report and Recommendation incorrectly stated the second date as August 15, 2004.  Item #11 of the motion to correct identifies the correct date as August 5, 2003.  Construing the pleadings in the manner that makes the most sense, I find that the date should properly read August 5, 2004.
    On Page 31 of my Report and Recommendation, where I wrote "August 14, 2006," the document should read August 4, 2006.

correction. While I recommend that Perfetto be allowed to amend his complaint to add a John Doe defendant, I note that at this time, the distinction between six and seven John Does is without a difference, because, as fully explained in my initial Report and Recommendation, Perfetto will be unable to serve any of the John Doe defendants until he has identified them by name, and successfully moved to amend his complaint to so identify those defendants.

    Item #3, #8 & 17 -- Supervisory Liability of Defendant Ash: Perfetto explains that although his initial complaint described defendant Ash as supervising the actions of defendant Valente, Ash was not, in fact, Valente's supervisor. Instead, Perfetto now alleges that he meant to say that Ash witnessed Valente's actions. As such, I find that Ash, by not providing a toilet for Perfetto's use on one occasion between May 2004 and August 2004 is properly named as a defendant to the claim alleging a denial of sanitary conditions in his individual, rather than his supervisory, capacity. I recommend that this amendment to the complaint be granted to reflect that Ash is not subject to supervisory liability in this matter and that the supervisory liability claim against Ash be dismissed from this action.

Item #5 -- Defendants to Classifications Claim:  In his complaint (document no. 24), Perfetto specifically listed "Sgt. Mosher, Sgt. Washburn, and Unit Manager Tim Moquin" to his "Allegation #11: 'Classification Violations.'"  That charge specifically stated that on August 24, 2006, Perfetto was upgraded to C-4 status, was written up three times, and forced Moquin to keep Perfetto at C-4 status for sixty days beyond what had originally been directed.  Accordingly, all three of those defendants were discussed in my Report and Recommendation.  I recommended dismissal of that claim, however, based on the fact that an inmate has no right to be classified in any particular security status.  In his motion, Perfetto now states that defendants Washburn and Mosher "have nothing to do with giving me a class board as they don't work in SHU anymore.  It was up to Unit Manager Moquin and Case Counselor Kirker."  This allegation represents a significant amendment from the complaint filed.  Case Counselor Kirker was never mentioned in any of Perfetto's previously submitted pleadings and it appears that Perfetto now seeks to add Kirker as a defendant to this action.  Because I recommended, however, that this claim be dismissed as not viable against any defendant, I recommend that this amendment be denied

as moot.  Should my recommendation to dismiss the improper classification claim not be approved by the District Judge, Perfetto is free to seek again to amend the claim to add or remove defendants.

    Item #13 -- <u>History of Administrative Greivance Filings</u>: Perfetto attempts to clarify the history of his administrative grievance filings.  The Report and Recommendation reflects what was stated in the original complaint.  To the extent he is seeking to add information to the complaint originally filed regarding details of his administrative grievance filings, I recommend he be permitted to do so.

    Item #15 -- <u>Defendant Marsh</u>:  Perfetto seeks to dismiss defendant Marsh from his retaliation claim.  Although his initial complaint named her as a defendant to that claim, Perfetto now alleges that she did not participate in the retaliation.  I recommend that motion be granted and that Marsh be dismissed from this action.

<u>Conclusion</u>

    I recommend that the Court acknowledge the corrections numbered Item #2, #6, #7, #9-#12, #14 and #16 above as corrections or clarifications to the information in my February

23 Report and Recommendation and Order.  I further recommend that the Court decline to clarify my previously issued documents as to Item #4.  Finally, I recommend that the Court accept the amendments to the complaint identified as Items #1, #3, #8, #13, #15, and #17, and decline to amend the complaint as requested in Item #5.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:    March 22, 2007

cc:      Jonathan Andrew Perfetto, pro se