## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW HAMPSHIRE

Jonathan Andrew Perfetto

v.                                              Civil No. 06-cv-307-JL

NH State Prison, Warden, et al.

### O R D E R

Plaintiff has filed three discovery motions:

1. Document no. 116, "Motion to Produce Interrogatories on 'Potential' Witnesses";

2. Document no. 117, "Motion for Court Order to Get Security to Comply with Local Rule 45.2"; and

3. Document no. 118, "Motion to Compel."

Defendants have objected to each motion.

A.   Motion to Compel - Document no. 118

This motion is in part a rerun of plaintiff's August 15th motion. (Document no. 62). That motion was the subject of my order of September 6, 2007.

1. With respect to PPD 5.81, my September 6th order stands. Motion denied.

2. With respect to the March 29, 2003 incident report and the April 17, 2002 or 2003 incident report, I relied upon

defendants' agreement to produce these (and other incident reports) - Document no. 68, ¶7 and 8 - to moot the prior request. Defendants have confirmed that they have been provided. Document no. 121, ¶8 and 9. The motion is denied.

B. <u>Motion to Produce Interrogatories on "Potential" Witnesses - Document no. 116 and "Motion for Court Order..." - Document no. 117.</u>

Plaintiff has asked that "interrogatories" be mailed to the following people: Steven Burns, Mark French, Ed Rezik, Richard Wescott, James Martin, Brian Hughs, Bruce Brown, Heith Varney, Loren Eastman, Ken Dion, Paul Kulas, James Robinson, Gary Quimby, Walter Bourque, Elwin Moses, Kelsey Martin, Kevin Martel, Daniel Gagnon, Steve Volkman, Ron Patten, Vaclov Plch and Rich Lopresti. Other than Kelsey Martin, plaintiff's former SHU roommate, I do not know if any of these people are inmates.

The court has previously informed plaintiff by its ruling of January 28, 2008 that Fed. R. Civ. P. Rule 33 does not permit interrogatories to be directed to non-parties. Plaintiff's current motions suggest that what he is trying to do is not serve interrogatories but rather to take depositions by written question under Fed. R. Civ. P. Rule 31. My recollection is that Rule 31 was mentioned at the scheduling conference on June 4,

2007.

   Plaintiff's problem is that he has labeled his questions as "interrogatories" leading defendants and the court to look to Rule 33 rather than Rule 31.  To further complicate matters, he apparently seeks to depose over twenty individuals by written questions when the court's scheduling order of June 4, 2007, by adoption of Perfetto's own proposed plan (Document no. 48), limited him to ten depositions.  If he is attempting to use Rule 31, a copy of which is attached, he has not done it properly.  His motion under Rule 45.2 is equally misguided.  Plaintiff is also not permitted to depose an inmate under Rule 31(a)(2)(B) without leave of the court.  The motions must be denied.

   If plaintiff needs the addresses of prisoners, he can ask for them by interrogatory directed to defendants.  If defendants do not want to provide those addresses for security reasons, they can instead deliver the questions to the deponents.  Plaintiff must comply with Rule 31 and the pretrial order in seeking answers to questions.

The motions (Document nos. 116, 117 and 118) are denied.

**SO ORDERED.**

                                    _____
                                    James R. Muirhead
                                    United States Magistrate Judge

Date: March 6, 2008

cc:   Jonathan Andrew Perfetto, pro se
      Anthony I. Blenkinsop, Esq.