UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Jonathan Andrew Perfetto

   v.                             Civil No. 06-cv-307-JL

New Hampshire State Prison,
Warden, et al.


**ORDER**

Plaintiff Jonathan Andrew Perfetto filed a motion for reconsideration (document no. 136) of the court's order granting summary judgment for the defendants (document no. 134). For the reasons stated below, the motion is denied.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. Courts in the First Circuit generally treat motions to reconsider summary judgment as either a motion to alter or amend judgment under Rule 59(e), or a motion for relief from judgment or order under Rule 60(b), depending on the time such a motion is filed.[1]  See Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993); Horizon Lines, Inc. v. Local 1575, 2006 WL 1451530, *2

---

[1] "Which rule applies to a motion depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion will ordinarily fall under [Fed. R. Civ. P] 59(e). If the motion is served after that time it falls under Rule 60(b)." Perez-Perez, 993 F.2d at 284. As Perfetto served his motion within 3 days of summary judgment, the court views his motion under Rule 59(e).

(D.P.R. May 19, 2006).  In either case, "a motion for reconsideration cannot be used as a vehicle to relitigate and/or rehash matters already litigated and decided by the Court." Horizon Lines, 2006 WL 1451530, at *2; see Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).  Therefore, a motion to reconsider is not a vehicle for a losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier."  Nat'l Metal Finishing Co., 899 F.2d at 123.

The plaintiff requests leave from the court to exhaust his administrative remedies at the New Hampshire State Prison, citing this court's ruling in Hopkins v. Coplan, 2005 DNH 038, 2005 U.S. Dist. LEXIS 4056 (D.N.H. Mar. 16, 2005).  Apart from being unavailable to him under the Supreme Court's "proper exhaustion" requirement, Woodford v. Ngo, 548 U.S. 81, __, 126 S. Ct. 2378, 2387 (2006), this issue was:  (1) previously presented to the court by the plaintiff in a prior motion;[2] (2) argued by the plaintiff at the summary judgment hearing held on April 2, 2008; and (3) rejected by the court on its merits.  See Perfetto v.

---

[2] Plaintiff's motion, filed March 24, 2008, was entitled "Motion to Exhaust Remedies as Per Hopkins v. Coplan 2005 DNH 38."

<u>N.H. State Prison</u>, 2008 DNH 077.  Plaintiff's motion for reconsideration is therefore denied.  See <u>Nat'l Metal Finishing Co.</u>, 899 F.2d at 119.

     **SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Date: May 8, 2008

cc:   Jonathan A. Perfetto, pro se
      Anthony I. Blenkinsop, Esq.